# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | CASE NO. 1:12-cv-00881-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE |
| v. | |
| S. JOHNSON, et al., | |
| Defendants. | (Doc. 1) |

**Order Denying Leave to Proceed in Forma Pauperis and Dismissing Action**

**I.      Section 1915(g)**

Plaintiff Raymond Alford Bradford, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 31, 2012, and he seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Doc. 1.)

Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] 28 U.S.C. § 1915(g).

---

[1] The Court takes judicial notice of case numbers 2:98-cv-00180-FCD-JFM PC Bradford v. White (E.D. Cal.) (dismissed 06/03/1999 as time barred); 2:02-cv-01859-FCD-GGH PC Bradford v. Terhune (E.D. Cal.) (dismissed 06/18/2003 pursuant to section 1915(g) on a motion to dismiss); 1:04-cv-05496-AWI-DLB PC Bradford v. Terhune (E.D. Cal.) (dismissed 10/21/2004 for failure to state a claim); 2:05-cv-00862-FCD-DAD PC (E.D. Cal.) (dismissed 09/30/2005 for failure to state a claim and as frivolous); and 1:07-cv-01031-OWW-LJO Bradford v. Superior Court of California (E.D. Cal.) (dismissed 08/21/2007 as frivolous).

The determination whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007), and the allegation of imminent danger must be plausible, <u>id.</u> at 1054.

## II.     **Plaintiff's Allegations**

Plaintiff is currently incarcerated at California State Prison-Corcoran and he alleges claims for relief against Chief Deputy Warden Sabrina Johnson; Correctional Officers M. Podsakoff, Cabrea, and Ward; and Licensed Vocational Nurses Stanley and Belisterra for violation of his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on June 15, 2011, he filed an emergency appeal regarding his deep vein thrombosis leg ulcers, but he did not receive a response. On October 16, 2011, Plaintiff attended a committee meeting in his wheelchair. Defendant Johnson took and reviewed Plaintiff's inmate appeal, but she did not return it and she told Plaintiff that his appeal did not demonstrate a need for a wheelchair and the medical department was going to take it away. Shortly thereafter, Plaintiff's wheelchair was taken away.

On April 11, 2012, Plaintiff was taken to the acute care hospital on prison grounds for bleeding leg ulcers. The doctor wrote a lay-in order for Plaintiff to have access to a wheelchair and to stay off his leg. Defendant Podsakoff told Plaintiff to watch him get the order changed and when he returned, the order stated Plaintiff must walk 100 yards.

On April 15, 2012, Defendants Stanley and Belisterra came to Plaintiff's cell and asked if he wanted to have his dressing changed. Plaintiff said he needed a wheelchair and Defendant Cabrea said it had been "discontinued" and Plaintiff could walk or it would be considered a refusal to be treated. (Comp., court record p. 7.) Defendants then walked away and Defendant Stanley deemed it a refusal to be treated.

On April 26, 2012, Defendants Ward and Belisterra approached Plaintiff's cell and Defendant Ward asked if he wanted to have his dressing changed. Plaintiff said he needed a wheelchair and Defendant Ward said the medical department said he did not need one and he could walk 100 yards. Defendant Belisterra said that was a refusal to be treated and Defendants walked away.

///

### III. Discussion

In his complaint, Plaintiff alleges that he has bleeding leg ulcers and based on his condition, the failure to provide him with a wheelchair is endangering him. However, Plaintiff's complaint is devoid of any specific factual support for his conclusory claim that at the time he filed suit, he was facing imminent danger of serious physical injury at California State Prison-Corcoran, and Plaintiff's exhibits belie that claim. Based on Plaintiff's exhibits, his medical condition continues to be evaluated and monitored, and various medical orders have been issued regarding Plaintiff's physical limitations and accommodations for those limitations. Plaintiff may not rely on a conclusory allegation of imminent danger of serious physical injury to escape the reach of section 1915(g). Andrews, 493 F.3d at 1054.

### IV. Order

For the reasons set forth herein, it is ORDERED that Plaintiff is denied leave to proceed in forma pauperis in this action, and this action is dismissed, without prejudice to refiling with the submission of the $350.00 filing fee in full.

IT IS SO ORDERED.

Dated:   October 3, 2012              /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

3